2 F.3d 1151
 145 L.R.R.M. (BNA) 2200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LITCO, DIVISION OF R.V.L. CORPORATION, Respondent.
 No. 93-5907.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1993.
 
 1
 Before: BOGGS and SILER, Circuit Judges; and JOINER, Senior District Judge.*
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Litco, Division of R.V.L. Corporation, Dayton, Ohio, its officers, agents, successors, and assigns, enforcing its order dated May 13, 1993, in Case No. 9-CA-30126, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Litco, Division of R.V.L. Corporation, Dayton, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Refusing to bargain with United Food and Commercial Workers Local No. 1099, AFL-CIO-CLC, which is the designated exclusive bargaining representative of the Respondent's employees in an appropriate unit, over the terms of a new collective-bargaining agreement. The bargaining unit consists of:
 
 
 5
 All of Litco, Division of R.V.L. Corporation's employees in its present and future shops located in Clark, Greene, Preble, Miami, Darke, Champaign, Logan, Shelby and Montgomery Counties, Ohio, excluding owner(s), confidential employees and supervisory employees as defined in the Labor Management Relations Act of 1947 as amended.
 
 
 6
 (b) Refusing to continue in effect the terms and conditions of its most recent collective-bargaining agreement by failing to remit to the Union dues and assessments deducted from the wages of unit employees as required by article IV of that agreement.
 
 
 7
 (c) Making changes in the wages of unit employees without the Union's consent, telling employees that it would not negotiate with the Union, and asking them what they wanted to do about their union dues.
 
 
 8
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) On request, bargain with the Union over the terms and conditions of a new collective-bargaining agreement for unit employees and, if an understanding is reached, embody the understanding in a signed agreement.
 
 
 11
 (b) Remit to the Union the dues and assessments that were deducted from unit employees' wages, as required by article IV of its most recent agreement with the Union, and which have not been remitted for the period from about May 4 until June 27, 1992, with interest as described in the remedy section of the Board's decision.
 
 
 12
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 13
 (d) Post at its facility in Dayton, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (e) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 15
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 16
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this Notice.
 
 
 18
 WE WILL NOT fail and refuse to bargain with United Food and Commercial Workers Local No. 1099, AFL-CIO-CLC, which is the exclusive designated collective-bargaining representative of our employees in an appropriate unit, over the terms of a new collective-bargaining agreement. The appropriate unit consist of:
 
 
 19
 All of our employees in our present and future shops located in Clark, Greene, Preble, Miami, Darke, Champaign, Logan, Shelby and Montgomery Counties, Ohio, excluding owner(s), confidential employees and supervisory employees as defined in the Labor Management Relations Act of 1947 as amended.
 
 
 20
 WE WILL NOT fail to continue in effect all the terms and conditions of our most recent agreement with the Union by failing to remit to the Union dues and assessments deducted from the wages of unit employees, as required by Article IV of that agreement.
 
 
 21
 WE WILL NOT, without the Union's consent, make changes in wages of unit employees, and WE WILL NOT tell unit employees that we will not bargain with the Union or ask employees what they wanted to do about their union dues.
 
 
 22
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 23
 WE WILL, on request, bargain with the Union over the terms of a new contract and, if an understanding is reached, will embody that understanding in a signed agreement, and WE WILL remit to the Union the dues and assessments that were deducted from the unit employees' wages but which have not be remitted for the period from about May 4 until June 27, 1992, with interest.
 
 LITCO, DIVISION OF R.V.L. CORPORATION
 
 24
 /s/ (Employer)
 
 Dated: __________
 
 25
 By: __________ (Representative) (Title).
 
 
 26
 THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE
 
 
 27
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office.
 
 
 28
 Region 9, National Labor Relations Board, 3003 John Weld Peck Federal Building, 550 Main Street, Cincinnati, Ohio 45202-3271. Telephone: 513-684-3663
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation